945 F.2d 412
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Peter Joseph McMAHON, Defendant-Appellant.
 Nos. 90-5167, 90-5243.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 1, 1991.
 
 Before McKAY and LOGAN, Circuit Judges, and BRIMMER, District Judge.*
 ORDER AND JUDGMENT**
 CLARENCE A. BRIMMER, Chief Judge.
 
 
 1
 Defendant-appellant Peter Joseph McMahon (defendant) was initially arrested on gun and drugs charges in Oklahoma. The magistrate, finding no conditions upon which defendant could be released, ordered that defendant be detained. He further ordered that defendant undergo drug rehabilitation treatment. Defendant then left the drug treatment facility, and subsequently was charged with escape in violation of 18 U.S.C. § 751(a).
 
 
 2
 Defendant moved for dismissal of the charge, asserting that since the magistrate did not have the authority to place conditions on defendant's detention, his departure from the treatment center was not an escape, but was merely a violation of a court order. The district court, in denying the motion to dismiss, ruled that the treatment ordered by the magistrate was not a "condition" of detention. Rather, the court ruled, defendant "was allowed to receive drug treatment while 'in custody'." Defendant then pled guilty, reserving his right of appeal of the denial of his motion to dismiss.
 
 
 3
 At sentencing, the trial court refused to grant defendant a reduction in his level of sentence under amendment 2P1.1(b)(3) to the United States Sentencing Guidelines. Defendant then moved to reduce or modify sentence on the basis of an alleged refusal by the trial court to retroactively apply the amendment. In its order, the trial court noted that, even if it applied the amendment retroactively, defendant would not be entitled to a reduction in sentence because of the nature of the offence committed by the defendant and the defendant's history.
 
 
 4
 Defendant appeals from these orders denying his motions. After examining the record, we are satisfied that the fact findings of the district court are not erroneous and that its application of the law was correct. We affirm for substantially the reasons stated in the district court's order of June 25, 1990 denying defendant's motion to dismiss, and the district court's order of November 16, 1990 denying defendant's motion to reduce or modify sentence.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Clarence A. Brimmer, Chief Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3